[No. 12793-4-I.   Division One.   January 11, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY J. SMELTER, *Petitioner.*

*Powe, Housh, Bingham & Allen* and *Thomas W. Bingham,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Scott McKay* and *Nicole MacInnes, Deputies,* and *Thornton B. Hatter, Senior Intern,* for respondent.

CORBETT, J.—Defendant, Timothy J. Smelter, appeals his judgment and sentence for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. We affirm.

A Washington State Patrol trooper observed the defendant seated behind the wheel of an automobile which was stopped, with its engine off, partly on the left shoulder of southbound Interstate 5. The vehicle was out of gas. Based upon the officer's observations, the defendant was arrested and a Breathalyzer test administered. At trial, the defendant stipulated that he had alcohol in his blood exceeding .10 percent by weight. The district court judge found that the defendant's automobile was reasonably capable of being operated and found the defendant guilty. The matter was heard by the Superior Court and the judgment and sentence affirmed. Discretionary review has been granted to determine whether a motor vehicle must be "operable" in order for an individual to be found guilty of violating RCW 46.61.504. The statute in pertinent part provides:

> A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if he has actual physical control of a vehicle within this state while:
> (1) He has a 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under RCW 46.61.506, as now or hereafter amended; . . .

RCW 46.61.504.

Defendant argues that actual movement of the vehicle is not an element of the offense, *McGuire v. Seattle,* 31 Wn. App. 438, 442, 642 P.2d 765 (1982), but that the *ability* to move or operate the vehicle is. He contends that he was unable to move his vehicle because it was out of gas, and thus he was not in actual physical control of it.

There are essentially three types of statutes dealing with

intoxicated persons and motor vehicles: those which prohibit "driving" while intoxicated, those which prohibit "operating" a motor vehicle while intoxicated, and those which forbid an intoxicated person to be in "actual physical control" of a motor vehicle. *Jacobson v. State,* 551 P.2d 935, 937 (Alaska 1976). Washington prohibits driving while under the influence, RCW 46.61.502, and being in actual physical control while under the influence. RCW 46.61.504. An "operator or driver" is defined as one "who drives or is in actual physical control of a vehicle", RCW 46.04.370, the disjunctive formulation suggesting that two different types of activity are contemplated.

While the verb "drive" is nowhere defined in the Washington motor vehicle code, driving is the most restrictive of the three categories of activities, *see State v. Purcell,* 336 A.2d 223, 225 (Del. Super. Ct. 1975), specifically requiring motion of the motor vehicle. *County of Milwaukee v. Proegler,* 95 Wis. 2d 614, 291 N.W.2d 608, 613 (Wis. Ct. App. 1980). Generally, "to operate" includes a larger class of activities than "to drive"; one who drives a motor vehicle necessarily operates it, but the reverse is not necessarily so. *Jacobson v. State, supra* at 937.

While courts interpreting drunk *driving* statutes occasionally speak in terms of "operating a motor vehicle," *People v. Hoffman,* 53 Misc. 2d 1010, 280 N.Y.S.2d 169, 170 (Nassau Cy. Dist. Ct. 1967), it has been stated with frequency that "operating a vehicle" and "being in actual physical control" define two distinct offenses. *Cincinnati v. Kelley,* 47 Ohio St. 2d 94, 351 N.E.2d 85, 86 (1976), *cert. denied,* 429 U.S. 1104 (1977); *State v. Wilgus,* 31 Ohio Ops. 443 (1945), *cited in State v. Ruona,* 133 Mont. 243, 321 P.2d 615, 618 (1958); *Crane v. State,* 461 P.2d 986, 988 (Okla. Crim. App. 1969).

No Washington case or statute defines "actual physical control" as the term is used in RCW 46.61.504. The question of actual physical control is, according to WPIC 92.11, Comment, "an issue of law or at best a mixed issue of law and fact", and the dictionary definition of the words

"actual," "physical," and "control" may be used. The formulation of the dictionary definition employed by the Supreme Court of Montana has been widely adopted: "Using the term in 'actual physical control' in its composite sense, it means 'existing' or 'present bodily restraint, directing influence, domination or regulation.'" *State v. Ruona, supra* at 248. *Accord, Kansas City v. Troutner,* 544 S.W.2d 295, 300 (Mo. Ct. App. 1976); *State v. Ghylin,* 250 N.W.2d 252, 254 (N.D. 1977); *Hughes v. State,* 535 P.2d 1023, 1024 (Okla. Crim. App. 1975); *Commonwealth v. Kloch,* 230 Pa. Super. 563, 327 A.2d 375, 383 (1974); *State v. Bugger,* 25 Utah 2d 404, 483 P.2d 442, 443 (1971).

   ■ Defendant claims that a vehicle operability requirement is "clear" from a reading of *State v. Ruona, supra* at 248–49:

> As long as one were physically or bodily able to assert dominion, in the sense of movement, then he has as much control over an object as he would if he were actually driving the vehicle.

However, the *Ruona* court, in distinguishing the offenses of "operating" and "being in actual physical control" of a motor vehicle, cited with approval a definition of "control" that meant more than the "'ability to stop an automobile'", and included "'the authority to manage.'" *State v. Ruona, supra* at 249, quoting *State v. Wilgus, supra.* Actual physical control has elsewhere been broadly defined as "'exclusive physical power and present ability to operate, move, park or direct whatever use or non–use was to be made of the motor vehicle at the moment.'" *State v. Purcell, supra* at 226. Motion of the vehicle is not an element of actual physical control. *McGuire v. Seattle, supra* at 442. *Accord, State v. Webb,* 78 Ariz. 8, 274 P.2d 338, 340 (1954); *Kansas City v. Troutner, supra* at 299; *Commonwealth v. Taylor,* 237 Pa. Super. 212, 352 A.2d 137, 139 (1975). Several courts have found defendants to be in actual physical control of vehicles whose motors were not running. *E.g., State v. Ghylin, supra* at 253 (getting out of car in ditch, keys in hand); *State v. Schuler,* 243 N.W.2d 367, 369–70 (N.D.

1976) (seated in driver's seat of car in ditch, keys in ignition); *Cincinnati v. Kelley,* 351 N.E.2d at 86 (seated in driver's seat of parked car, keys in ignition).

Only three cases have been brought to our attention in which the court found no actual physical control of a motionless vehicle whose motor was not running, and none is of aid to the defendant here. In *State v. Bugger, supra* at 442–43, the court, applying the *Ruona* definition, found that a defendant who was asleep in a car parked completely off the traveled portion of the highway was not in actual physical control. The same result would obtain under RCW 46.61.504, which specifically prohibits conviction of a defendant who has moved his vehicle safely off the roadway. In *Bearden v. State,* 430 P.2d 844, 845–47 (Okla. Crim. App. 1967), the court found no actual physical control where the defendant was found lying unconscious at the side of the road, *outside* his vehicle. Positioning in the driver's seat is an element common to all of the cases that have found actual physical control of a motionless vehicle, and that is the position in which the defendant here was found. The court in *Key v. Kinsey,* 424 So. 2d 701, 703–04 (Ala. Crim. App. 1982) formulated the following list of elements of actual physical control:

> 1. Active or constructive possession of the vehicle's ignition key by the person charged or, in the alternative, proof that such a key is not required for the vehicle's operation;
> 2. Position of the person charged in the driver's seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move;
> 3. A vehicle that is operable to some extent.

The defendant in *Key* did not meet these criteria because the car was out of gas, and his son, who had the car keys, had walked to get gas. There was also evidence that the son, and not the defendant, was the driver. Although the opinion is not entirely clear, it appears that the court was relying more on the absence of the ignition keys, on the

issue of present ability to control the car, than upon the car being out of gas, in determining that there was no actual physical control by the defendant. *Key,* at 704. The cryptic reference to operability was not explained, but it would appear to be compatible with the "reasonably capable of being rendered operable" standard employed by the trial judge in the instant case.

A definition of "control" that focuses upon "the authority to manage" a motor vehicle, perhaps as evidenced by lawful possession of the keys while seated in the driver's seat, would permit a finding of actual physical control of an inoperable vehicle. The question of what constitutes the elements of actual physical control, such as whether the motor must be running or, by extension, whether the vehicle must be operable, has been characterized as a policy issue. *State v. Juncewski,* 308 N.W.2d 316, 320 (Minn. 1981). In general, laws prohibiting driving while intoxicated are deemed remedial statutes, to be "liberally interpreted in favor of the public interest and against the private interests of the drivers involved." *Juncewski,* at 319. Specifically, actual physical control statutes have been characterized as "preventive measure[s]," *State v. Schuler, supra* at 370, which "deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers", *State v. Ghylin, supra* at 255, and which "enable the drunken driver to be apprehended before he strikes . . ." *State v. Webb, supra* at 11.

The "reasonably capable of being rendered operable" standard employed by the trial court here distinguishes a car that runs out of gas on a major freeway near several exits and gas stations from a car with a cracked block which renders it "totally inoperable." The difficulty in attempting to formulate a unitary standard of operability arises from the necessity of setting out the *degree* of inoperability which will preclude prosecution under RCW 46.61.504. The focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she

exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where, as here, circumstantial evidence permits a legitimate inference that the car was where it was and was performing as it was because of the defendant's choice, it follows that the defendant was in actual physical control. To hold otherwise could conceivably allow an intoxicated driver whose vehicle was rendered inoperable in a collision to escape prosecution. Such a result was avoided in *Commonwealth v. Taylor, supra* at 217, in which the defendant's actual driving ended in a collision that sent his vehicle off the highway. He was seated on the driver's side after the crash, and the court noted that

> it could be inferred that the car was where it was and the condition in which it was because of appellant's choice "from which it followed that appellant was in 'actual physical control' and so was 'operating' the car . . .". This "physical control" continued in the appellant after the collision had immobilized his car.

*Commonwealth v. Taylor, supra.*

In the instant case, extrinsic evidence that the defendant, while intoxicated, drove his vehicle until it ran out of gas, together with his *admission* of these facts, supports a finding that he was in actual physical control of his vehicle when apprehended. *See State v. Ghylin, supra* at 253–54 (fact that car was stuck in a ditch, coupled with defendant's admissions that he was driving and other evidence, found to be sufficient evidence of actual physical control). Such an analysis finds support in the latest statement on the subject by the Supreme Court of Montana, whose definition of actual physical control in *State v. Ruona, supra* at 248, has been widely adopted. In a case in which the defendant was found asleep behind the wheel of a motor vehicle which was stuck in a pit, the court applied the same analysis as employed in cases where a defendant is found asleep or passed out behind the wheel of a movable vehicle. Actual physical control is found in those cases on the theory that the defendant is in a position to regulate the vehicle's

movements, *or* has authority to manage the vehicle:

Just as a motorist remains in a position to regulate a vehicle while asleep behind its steering wheel, so does he remain in a position to regulate a vehicle while asleep behind the steering wheel of a vehicle stuck in a borrow pit. He has not relinquished regulation of or control over the vehicle. *It does not matter that the vehicle is incapable of moving.*

(Italics ours.) *State v. Taylor,* ___ Mont. ___, 661 P.2d 33, 34 (1983).

Clearly, based on the circumstances of the defendant's apprehension and his own admissions, the trial court did not err in finding that the vehicle was reasonably capable of being operated or rendered operable and, therefore, that the defendant was in actual physical control of the vehicle.

Affirmed.

DURHAM, C.J., and ANDERSEN, J., concur.