[No. 5688–1–III.   Division Three.   June 12, 1984.]

*In the Matter of* ROSE M. ARAMBUL.

THE STATE OF WASHINGTON, *Respondent,* v. ROSE M. ARAMBUL, *Appellant.*

*Michael E. Schwab* and *Schwab, Kurtz & Hurley,* for appellant (appointed counsel for appeal).

*Joseph Panattoni, Prosecuting Attorney,* and *Thomas A. Haven, Deputy,* for respondent.

McINTURFF, J.—Rose M. Arambul appeals her bench trial conviction of negligent homicide by a motor vehicle. The sole issue is whether Miss Arambul was operating a motor vehicle at the time the fatal accident occurred. Although the issue is not unique, the factual background underlying the issue is. We hold she was the operator and affirm the conviction.

The facts are undisputed. On April 30, 1982, the 17–year–old defendant was riding as a passenger in a 1980 Jeep. She was seated in the middle of the front seat between the driver and Tammy Davis, age 16, who was seated next to the door on the passenger side. Miss Arambul's stepbrother Charles Daniels was driving on the same road, but in the opposite direction. As Mr. Daniels approached the vehicle in which Miss Arambul was riding, he swerved into the Jeep's lane of travel and then back again. After Mr. Daniels had returned to his lane, Miss Arambul grabbed the steering wheel of the Jeep, causing the Jeep to cross over the center line and collide with her stepbrother's vehicle. Both Miss Arambul and Mr. Daniels

testified at trial that their actions were a means of saying "hi" to the occupants of the oncoming vehicle.

Miss Davis died from injuries resulting from the collision and Miss Arambul was charged with negligent homicide. She moved to dismiss the negligent homicide charge, arguing she was not operating a motor vehicle within the meaning of RCW 46.61.520 and RCW 46.04.370 when the collision occurred. The motion was denied, and her trial and conviction followed.

Former RCW 46.61.520 (in effect at the time of trial) provided in part:

(1) When the death of any person shall ensue . . . as a proximate result of injury received . . . by the operation of any vehicle in a reckless manner or with disregard for the safety of others, the person so operating such vehicle shall be guilty of negligent homicide by means of a motor vehicle.

(Subsequently amended by Laws of 1983, ch. 164, § 1; the construction of the statutory language given in this opinion is not affected by the amendment.) RCW 46.04.370 defines operator or driver as "every person who drives or is in actual physical control of a vehicle."

Miss Arambul contends she was not the operator of the vehicle because she had no control of the gas, brake, or gearshift, and only split–second contact with the steering wheel. She urges the court to apply the rule that resolves ambiguities in penal statutes in favor of the accused. *State v. Stockton*, 97 Wn.2d 528, 533, 647 P.2d 21 (1982). However, "[t]he rule . . . does not require a forced, narrow, or overstrict construction which defeats the intent of the legislature." *State v. Cann*, 92 Wn.2d 193, 197–98, 595 P.2d 912 (1979). Here, the Legislature has defined negligent homicide as an act committed by a person operating a vehicle. Former RCW 46.61.520(1). The Legislature has further defined operator or driver in the disjunctive as "every person who drives *or* is in actual physical control of a vehicle." (Italics ours.) RCW 46.04.370. The use of the disjunctive indicates that "operator" includes persons who

are not necessarily drivers.

The ordinary meaning of the term "actual physical control" is "existing" or "present bodily restraint, directing influence, domination or regulation." *See State v. Smelter,* 36 Wn. App. 439, 442, 674 P.2d 690 (1984), quoting, *inter alia, State v. Bugger,* 25 Utah 2d 404, 483 P.2d 442, 443 (1971); *State v. Ruona,* 133 Mont. 243, 321 P.2d 615, 618 (1958). *See also* WPIC 92.11, 11 Wash. Prac. 415 (1977), also quoting *Bugger* and *Ruona.* Miss Arambul's acts fall within this definition. Both her vehicle and the oncoming vehicle were traveling approximately 40 miles per hour. The driver of her vehicle said he had only "about a half second" to react before the collision occurred—not enough time to correct the vehicle's course given the speed at which they were traveling. The fact Miss Arambul did not have access to the accelerator or brakes did not affect her "influence, dominion, or regulation" of the vehicle. The momentary duration of this dominion is insignificant; for that instant in time she directed the path of the automobile and caused the death of another.

Accordingly, we hold RCW 46.61.520(1) and RCW 46.04-.370 are not ambiguous, and that Miss Arambul's momentary grabbing of the steering wheel of the vehicle in which she was riding comes within the ordinary meaning of the term "actual physical control."[1]

---

[1]Miss Arambul cites the court to several cases from other jurisdictions, with facts similar to those here, which construe language in insurance policies. *See, e.g., State Farm Mut. Auto. Ins. Co. v. White,* 60 Or. App. 666, 655 P.2d 599 (1982); *United States Fid. & Guar. Co. v. Hokanson,* 2 Kan. App. 2d 580, 584 P.2d 1264 (1978). Some of these decisions hold that a passenger who jerks a steering wheel is an operator; others hold to the contrary. The opinions are reconcilable by reference to the rule of construction that, where ambiguity exists, coverage clauses in insurance policies are interpreted broadly to afford the greatest possible protection to the insured, while exclusionary clauses are interpreted narrowly against the insurer. *Shotwell v. Transamerica Title Ins. Co.,* 91 Wn.2d 161, 167, 588 P.2d 208 (1978). Here, the statutes in question are not ambiguous. Thus rules of construction favoring the accused would not come into play.

The judgment of the Superior Court is affirmed.

MUNSON, C.J., and THOMPSON, J., concur.

Reconsideration denied July 16, 1984.

Review denied by Supreme Court October 19, 1984.