**CITY OF VALLEY CITY, Plaintiff and Appellee,**

v.

**Barbara P. BERG, Defendant and Appellant.**

**Cr. No. 1189.**

Supreme Court of North Dakota.

Oct. 15, 1986.

Michael Geiermann, Asst. Atty. Gen., Bismarck, for plaintiff and appellee City of Valley City.

James A. Wright, of Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for defendant and appellant.

VANDE WALLE, Justice.

Barbara Berg appealed from the judgment of conviction entered by the county court of Barnes County, which found her guilty of being in actual physical control of a vehicle while under the influence of intoxicating liquor. We affirm.

On December 20, 1985, Barbara was a passenger in a vehicle driven by her hus-

band to the Hilltop Restaurant in Valley City. When Barbara and her husband went inside to eat, the keys were left in the vehicle. After they finished eating, Barbara left the restaurant prior to her husband and sat in the passenger seat of the vehicle. While she waited for her husband, Barbara became cold and reached over and started the vehicle so that the heater could be used. When she started the vehicle, it lurched forward and struck the restaurant. The vehicle had been modified so that it could be started while it was in gear, and Barbara was aware of this.

Barbara was charged with being in actual physical control of a motor vehicle while under the influence of intoxicating liquor pursuant to Section 14–24 of the City Code of Valley City.[1] She conceded that she was under the influence of alcohol when she started the vehicle, but maintained that she was not in "actual physical control." Barbara was convicted in the municipal court of Valley City and she appealed the conviction to the county court of Barnes County for trial anew, pursuant to Section 40–18–19, N.D.C.C., where she was again convicted. She appeals to this court on the issue of whether or not she was in "actual physical control" of the vehicle.

Barbara emphasizes that she entered the vehicle as a passenger. She maintains that her act of starting the vehicle and putting it in motion did not constitute "actual physical control." In *State v. Ghylin*, 250 N.W.2d 252, 254 (N.D.1977), we quoted the following language from *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375, 383 (1975), defining "actual physical control": "A driver has 'actual physical control' of his car when he has real (not hypothetical), bodily restraining or directing influence over, or domination and regulation of, its movements of machinery." It is clear that Barbara exercised domination and regulation of the vehicle's movements of machinery when she started the vehicle and caused it to move forward and crash into the Hilltop Restaurant. Therefore, she was in "actual physical control" of the vehicle.[2]

Because Barbara was in "actual physical control" of the vehicle, we affirm the judgment of the county court of Barnes County finding her guilty.

ERICKSTAD, C.J., and LEVINE, MESCHKE, and GIERKE, JJ., concur.

1. Barbara's counsel conceded at oral argument that the term "actual physical control" contained in Section 14–24 of the City Code of Valley City should be given the same interpretation as the identical term contained in Section 39–08–01(2), N.D.C.C. In addition, Section 14–24 of the City Code of Valley City appears to be an equivalent ordinance under Section 39–08–01(3), N.D.C.C. See also Section 12.1–01–05, N.D.C.C., regarding definitions of offenses contained in the North Dakota Century Code.

2. Although the issue before us is not unique, we realize that the circumstances in this case are unusual. However, that does not mean that we can ignore the logical meaning and purpose of a statute. For other holdings of "actual physical control" see *Taylor v. McNeill*, 714 S.W.2d 947 (Mo.1986), in which the court held that the evidence was sufficient to establish that Taylor was in actual physical control of the vehicle. In *Taylor*, a State trooper discovered the defendant in the early morning hours, passed out in the passenger seat of a car. The car, which was parked on the shoulder of the road, was running, and the headlights were on. The court stated that "[a]ll of the evidence indicates that Taylor was responsible for starting the car and allowing it to continue to run. While he may not have been in the most convenient position relative to the car's operative controls, they remained within easy reach." See also *State v. Arambul*, 37 Wash.App. 805, 683 P.2d 1123 (1984), where the court held that the defendant's momentary grabbing of the steering wheel was actual physical control. The court stated that "[t]he fact Miss Arambul did not have access to the accelerator or brakes did not affect her 'influence, dominion, or regulation' of the vehicle."