[Nos. 18856-9-I; 18858-5-I.   Division One.   May 2, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. ARTHUR L. BATES, JR., *Appellant.*

*Julie A. Kesler* and *Eric Nielsen* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Gerard MacCamy, Deputy,* for respondent.

PEKELIS, J.—Arthur Bates appeals the trial court's imposition of consecutive sentences under RCW 9.94A.400. Bates contends that the trial court erred in imposing consecutive sentences because former RCW 9.94A.400(1)(a) applies here, requiring the court to impose concurrent sentences. We agree, reverse and remand.

On May 27, 1986, Bates pleaded guilty to two charges of taking a motor vehicle without permission. Although Bates was charged in two separate informations, he pleaded guilty to both charges before the same judge at the same proceeding.[1] On June 18, 1986, Bates appeared, again in a single proceeding, before a judge who found Bates guilty and then sentenced him on both charges. Although the court sentenced Bates within the standard range for each count, it ordered him to serve the sentences consecutively. The court did not make a finding that circumstances existed warranting an exceptional sentence beyond the standard range.

Former RCW 9.94A.400,[2] in relevant part, provides:

(1) (a) Except as provided in (b) of this subsection, whenever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. All sentences so determined shall be served concurrently . . .

(b) [Establishes means for determining criminal history and sentence range when a person is convicted of three or more violent offenses.] All sentences imposed under (b) of this subsection shall be served consecutively

---

[1]We note that Bates does not dispute that he was charged in two separate informations. However, copies of the second information and guilty plea are absent from the record.

[2]On July 1, 1986, after Bates was sentenced, the Legislature amended RCW 9.94A.400. Laws of 1986, ch. 257, § 28.

to each other and concurrently with sentences imposed under (a) of this subsection.

(2) [Provides for a consecutive sentence whenever a person while under a sentence of felony commits another felony and is sentenced to another term of imprisonment.]

(3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony. that was committed while the person was not under sentence of a felony, the sentence shall run consecutively with felony sentences previously imposed by any court in this or another state or by a federal court, unless the court pronouncing the subsequent sentence expressly orders that they be served concurrently.

Bates contends that because his convictions were obtained in a single proceeding, subsection (1)(a) applies and concurrent sentences should have been imposed. The State contends that consecutive sentences were properly imposed under subsection (3), arguing that since Bates pleaded guilty to counts charged in separate informations, his convictions were obtained in separate proceedings. We reject the interpretation urged by the State.

In *State v. Huntley,* 45 Wn. App. 658, 662, 726 P.2d 1254 (1986), the court held that:

when sentences are imposed [under RCW 9.94A.400] on multiple felony offenses, other than serious violent ones, committed while the offender was not then subject to a felony conviction and an exceptional sentence is not warranted, *concurrent sentences are required when the convictions*[3] *are obtained in a single or consolidated proceeding.*

(Italics ours.) Similarly, in *State v. Stark,* 48 Wn. App. 245, 254–55, 738 P.2d 684, *review denied,* 109 Wn.2d 1003 (1987), the court explicitly approved of the imposition of concurrent sentences under former RCW 9.94A.400(1)(a) for two bail jumping convictions obtained by a guilty plea in a single proceeding. In both *Huntley* and *Stark,* the courts distinguished between RCW 9.94A.400(1)(a) and

---

[3]A plea of guilty constitutes a conviction within the meaning of RCW 9.94A-.400. *State v. Huntley,* 45 Wn. App. 658, 661, 726 P.2d 1254 (1986).

RCW 9.94A.400(3), finding that sentences for convictions obtained in proceedings separated by time must run consecutively while sentences for convictions obtained at the same proceeding are to run concurrently.

We are unpersuaded by the State's contention that the sentences should run consecutively because the charges are contained in separate informations. First, we note that neither *Huntley* nor *Stark* attaches any significance to the number of informations by which the defendant is charged in determining whether sentences should run concurrently under RCW 9.94A.400(1)(a) or consecutively under RCW 9.94A.400(3). Furthermore, the statute explicitly provides for concurrent sentences in the case of *consolidated* proceedings, where presumably the charges are contained in multiple informations.

We hold, therefore, that where a defendant's convictions are obtained at a single proceeding, RCW 9.94A.400(1)(a) applies regardless of whether there are one or two informations. Since Bates was convicted at a "single" proceeding, RCW 9.94A.400(1)(a) applies, and the trial court erred in imposing consecutive sentences.

We reverse the trial court's imposition of consecutive sentences and remand for proceedings consistent with this opinion.

GROSSE and WEBSTER, JJ., concur.