[No. 11322-8-II.   Division Two.   February 28, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN D. PHILLIPS, *Appellant*.

*Leslie O. Stomsvik*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Carolyn Williamson, Deputy*, for respondent.

WORSWICK, J.—John D. Phillips appeals conviction on one count of making threats against the Governor. RCW 9A.36.090. The dispositive issue is whether an offense is committed where the threat is not communicated to the

object of the threat, the Governor, but only to a third person. We affirm, holding that communication of such a threat to anyone is sufficient.

Angered by the failure of the Governor's office to help him with his problems, Phillips told a crisis clinic counselor that he was going to "blow away" the Governor, a State Patrol investigator, and a private citizen. He explained that, as a former convict, he approved the prison code of "blowing away" those who wronged him. The counselor notified the authorities, and the charge, trial and conviction followed in due course.

Phillips' principal argument is that no offense is committed unless the threat is communicated to the person subject to the threat. He is incorrect.

██ The offense is defined in RCW 9A.36.090(1), which specifies two methods for committing it, as follows:

> Whoever [1] knowingly and wilfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of or to inflict bodily harm upon the governor of the state . . . or [2] knowingly and wilfully otherwise makes any such threat against the governor, . . . shall be guilty of a class C felony.

It is clear from the plain words of the statute that by the first method, use of the mails, the offense is complete when a written threat is deposited in the mail, regardless of whether the writing is ever delivered to anyone. We conclude that the Legislature did not require a threat committed by the second "other means" method to be communicated to the Governor, because it did not require such direct communication as to the first method. This is so because the statute must be read in such a way that the second, "other means" method is in harmony with the first. *Tommy P. v. Board of Cy. Comm'rs*, 97 Wn.2d 385, 391, 645 P.2d 697 (1982); *State v. Huntley*, 45 Wn. App. 658, 726 P.2d 1254 (1986).

■ Also, cases interpreting a substantially identical federal statute are persuasive authority. *State v. Funkhouser*, 30 Wn. App. 617, 636, 637 P.2d 974 (1981). 18 U.S.C. § 871(a), a substantially identical federal statute, provides:

> Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of, . . . or to inflict bodily harm upon the President of the United States, . . . or knowingly and willfully otherwise makes any such threat against the President, . . . shall be fined not more than $1,000 or imprisoned not more than five years, or both.

Federal cases interpreting this statute support our conclusion. *United States v. Crews*, 781 F.2d 826, 832 (10th Cir. 1986) (defendant told a psychiatric nurse that he would kill the President); *United States v. Howell*, 719 F.2d 1258 (5th Cir. 1983) (threat to kill the President made to a Secret Service investigator); *United States v. Dysart*, 705 F.2d 1247 (10th Cir. 1983) (threats made to investigating Secret Service agents). We hold that Phillips' offense was complete when he communicated the threat to the counselor.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ALEXANDER, C.J., and PETRICH, J., concur.

Review denied at 112 Wn.2d 1025 (1989).