[No. 13645-7-II.    Division Two.    December 9, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD C. MAXEY, *Petitioner*.

---

*Mark K. Baumann,* for petitioner (appointed counsel for appeal).

*David Bruneau, Prosecuting Attorney,* and *Louis J. Hoffer, Deputy,* for respondent.

PETRICH, J. — We accepted discretionary review of a superior court order affirming a district court judgment that Richard Maxey was guilty of being in actual physical control of a motor vehicle while under the influence of intoxicants in violation of RCW 46.61.504. Mr. Maxey contends that there was insufficient evidence of actual physical control to sustain the conviction because, though there was evidence that he had intended to drive away, there was no evidence that he had the ability to control the vehicle's operation by the use of the ignition key or by any other means. We agree and reverse his conviction.

Richard Maxey and two of his children were asleep in a van that his wife, Debra Maxey, was driving when the police pulled her over. The police officer asked her to get out

of the van and take field sobriety tests.[1] She testified that she put the ignition key in her pocket as she stepped out. Mr. Maxey awoke and came out of the van on the passenger's side to see what was happening. Officer Edgington, the arresting officer, testified that he instructed Mr. Maxey to get back into the van several times and that when he told Mrs. Maxey that he was going to take them all, including the children, to the Forks Jail, Mr. Maxey said to his wife, "Come on, Deb, let's go." Then Mr. Maxey sprinted to the driver's side of the van and got in on the driver's side. The officer believed that Mr. Maxey was about to start the van and drive away, so he ran to the driver's door and observed Mr. Maxey "reachin' forward like he was gonna turn on the ignition key"; whereupon the officer pulled Mr. Maxey from the van and arrested him for obstructing a public servant[2] and being in actual physical control of a vehicle while intoxicated. The officer did not see the key in the ignition nor did he try to locate it. He also testified that after he placed Mr. Maxey in the patrol car, Mrs. Maxey entered the front of the van from the passenger's side, got between the front seats and passed the children out to him. Mrs. Maxey then secured the van and had the key in her possession at the time she went to the patrol car.

The Superior Court in its review, relying upon *State v. Smelter*, 36 Wn. App. 439, 674 P.2d 690 (1984), concluded there was sufficient evidence to establish that Maxey was in control of the vehicle notwithstanding the lack of evidence of possession of an ignition key or other means of operating the vehicle, and it affirmed the district court judgment.

RCW 46.61.504 provides:

> A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if the person has actual physical control of a vehicle within this state while:

---

[1] Mrs. Maxey eventually pleaded guilty to driving while under the influence of intoxicating liquor or drug.

[2] Mr. Maxey eventually pleaded guilty to this charge.

(1) The person has 0.10 grams or more of alcohol per two hundred ten liters of breath, as shown by analysis . . ..

■ The State has the burden of proving all the elements of the crime beyond a reasonable doubt. *State v. McCullum*, 98 Wn.2d 484, 494, 656 P.2d 1064 (1983). The State's burden, then, was to prove beyond a reasonable doubt that Mr. Maxey had "actual physical control" of the van.

■ In determining whether sufficient evidence supports a conviction, "[t]he standard of review is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt." *State v. Rempel*, 114 Wn.2d 77, 82, 785 P.2d 1134 (1990) (citing *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980)). Under this standard, we resolve all inferences in favor of the State. *State v. Smith*, 104 Wn.2d 497, 507, 707 P.2d 1306 (1985). An inference is a logical deduction or conclusion that the law allows, but does not require, following the establishment of the basic facts. *State v. Jackson*, 112 Wn.2d 867, 874, 774 P.2d 1211 (1989) (quoting 5 K. Tegland, Wash. Prac., *Evidence* § 65, at 127-28 (2d ed. 1982)). When no direct evidence is presented regarding a material element of the crime, a reviewing court looks to whether there is adequate circumstantial evidence from which a jury could reasonably determine that the element is proven. *State v. Bailey*, 52 Wn. App. 42, 51, 757 P.2d 541 (1988), *aff'd*, 114 Wn.2d 340, 787 P.2d 1378 (1990).

The seminal.authority for the definition of "actual physical control" is *State v. Smelter*, 36 Wn. App. at 439. In *Smelter*, a State Patrol officer found the defendant seated behind the wheel of a vehicle stopped partly on the shoulder of Interstate 5 with its engine off. The vehicle was out of gas. The defendant had alcohol in his blood exceeding .10 percent by weight. The defendant contended that because he was unable to move his vehicle as it was out of gas, he was not in actual physical control of it. After reviewing cases from other jurisdictions and observing that position-

ing in the driver's seat is common to all the cases where there was actual physical control of a motionless vehicle, the court held that

> [t]he focus should not be narrowly upon the mechanical condition of the car when it comes to rest, but upon the status of its occupant and the nature of the authority he or she exerted over the vehicle in arriving at the place from which, by virtue of its inoperability, it can no longer move. Where, as here, circumstantial evidence permits a legitimate inference that the car was where it was and was performing as it was because of the defendant's choice, it follows that the defendant was in actual physical control.

*Smelter*, 36 Wn. App. at 444-45. The evidence from which the court allowed the inference of control to be drawn consisted of extrinsic evidence that the defendant, while intoxicated, drove his vehicle until it ran out of gas and the defendant's admission of these facts. *Smelter*, at 445.

The Supreme Court discussed the issue of the sufficiency of the evidence of actual physical control in *Bremerton v. Corbett*, 106 Wn.2d 569, 723 P.2d 1135 (1986). The court said:

> As for petitioner Corbett, there was sufficient prima facie evidence of his actual physical control of the vehicle to allow consideration of his admission. The car was stalled on the inside lane of a busy city street. Corbett was sitting in the driver's seat. He was the registered owner and no one else was near the car. The car keys were on the floor below him and the ignition [switch] was on. Although the car may have been inoperable, the evidence permits a legitimate inference that Corbett drove the vehicle until it stalled and was still in physical control of it when the police arrived on the scene. *See State v. Smelter*, 36 Wn. App. 439, 674 P.2d 690 (1984). *See also Commonwealth v. Taylor*, 237 Pa. Super. 212, 352 A.2d 137 (1975); *State v. Ghylin*, 250 N.W.2d 252 (N.D. 1977).

*Bremerton v. Corbett*, at 580. *See also Sunnyside v. Wendt*, 51 Wn. App. 846, 849-51, 755 P.2d 847 (1988) (person who has shut off ignition and left the car to conduct personal business is not in physical control of vehicle); *In re Arambul*, 37 Wn. App. 805, 808, 683 P.2d 1123 ("actual physical control", defined as "directing influence, domination or regulation", existed when a passenger grabbed the steering

wheel directing the car into a pedestrian resulting in negligent homicide by a motor vehicle), *review denied*, 102 Wn.2d 1022 (1984).

While these authorities provide us with some guidance, the issue here is quite different. The State contends that under *Smelter*, the inoperability of the vehicle is not a defense. We decline to read the *Smelter* decision so broadly. Here, there is no issue about how the van got to its final location; no one disputes that Mrs. Maxey was driving when the officer stopped it. The authorities cited above all involve the use of circumstantial evidence to draw an inference that the person in the driver's seat was the person who drove the car to its then present inoperable position. Rather here, the jury had to infer that Mr. Maxey had a key or some other means enabling him to exercise "influence, domination, or regulation" of the van, not just an intention to leave the scene.

The State contends that the jury could infer such a fact from evidence of Mr. Maxey's demeanor, his tone of voice, his quick movement toward the car, his intoxication, and from evidence of the officer's belief that Mr. Maxey was going to take the car, and of the possibility that Mrs. Maxey could have taken the keys out of the van after Mr. Maxey was arrested.

We disagree. The circumstantial evidence to support control of the vehicle argued by the State is not based upon a factual assertion, but upon the officer's unsubstantiated belief that a key was present. This is not enough. While Mr. Maxey's movements may suggest an intent to assert control of the van and leave the scene, because he lacked the means of control, the charge fails.

Judgment reversed.

WORSWICK, C.J., and ALEXANDER, J., concur.