IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32664-1-III |
| Respondent, | ) | (Consolidated with |
| | ) | No. 32674-8-III) |
| v. | ) | |
| | ) | |
| CHRISTOPHER REMINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Christopher Remington was convicted and received concurrent prison sentences in a consolidated proceeding for two cases involving separate informations filed under different cause numbers. The court imposed separate legal financial obligations (LFOs) in each judgment and sentence. Mr. Remington appeals, contending the trial court lacked authority to impose LFOs in each case when he was concurrently sentenced in a single proceeding. We disagree and affirm.

FACTS AND PROCEDURE

On August 19, 2013, Mr. Remington was charged by information with two counts of residential burglary and one count of attempted residential burglary under Spokane County cause number 13-1-02920-1. On August 21, 2013, he was charged by separate information with five counts of residential burglary under Spokane County cause number

13-1-02991-1. He entered into a drug court agreement encompassing each case in December 2013, but repeatedly failed to comply with program requirements. In June 2014, the court entered orders terminating him from drug court. At a consolidated bench trial/sentencing proceeding, the court convicted him as charged in each case and imposed concurrent prison-based Drug Offender Sentencing Alternative (DOSA) sentences. In each judgment and sentence, the court imposed $800 in LFOs consisting of a $500 victim assessment, $200 in court costs, and a $100 DNA collection fee. The LFOs thus total $1600. Mr. Remington appeals.

## ANALYSIS

The sole issue is whether the court lacked authority to impose separate LFOs in each judgment and sentence when the convictions for the two cases were obtained in a single proceeding and concurrently sentenced on the same date.

Mr. Remington contends that imposing separate LFOs in each cause number violates the requirement in RCW 9.94A.589(1)(a) for concurrent sentences when convictions are obtained in a single or consolidated proceeding. He relies on *Bates*, which came to that conclusion with regard to incarceration in construing former RCW 9.94A.400(1)(a) (now recodified as RCW 9.94A.589(1)(a)). *State v. Bates*, 51 Wn. App. 251, 253-54, 752 P.2d 1360 (1988). Mr. Remington thus claims he should only be singularly liable for $800 in LFOs. The argument fails.

2

RCW 9.94A.589(1)(a) provides in relevant part:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score. . . . Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.

As the State explains, this statute addresses determination of the offender score and sentencing range for current offenses and when confinement is to be served concurrently or consecutively. LFOs are not mentioned in subsection (1)(a), or in any other part of the statute. *See* RCW 9.94A.589(1)-(5).

*Bates* and the cases upon which it relied—*State v. Stark*, 48 Wn. App. 245, 738 P.2d 684 (1987), and *State v. Huntley*, 45 Wn. App. 658, 726 P.2d 1254 (1986)—are consistent with the State's observations. Those cases all required concurrent confinement for multiple sentences under RCW 9.94A.400(1)(a), but none addressed LFOs. *See Bates*, 51 Wn. App. at 252-54; *Stark*, at 254-55; *Huntley*, at 660-62. Mr. Remington received concurrent confinement in accordance with those cases, but they do not otherwise support his argument. His reliance on RCW 9.94A.589(1)(a) for his LFO challenge is misplaced.

Mr. Remington makes no further argument that the court was not otherwise authorized to separately impose the LFOs that it did in each of his cases. Reviewing the applicable statutes, we find no error.

3

Our goal when interpreting a statute is to carry out the legislature's intent. *See State v. Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). We must give effect to the plain language of an unambiguous statute. *Id.* If the plain language of a statute is unambiguous, our inquiry ends and we enforce the statute "in accordance with its plain meaning." *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Such is the case here.

First, the $500 victim assessment is found in RCW 7.68.035. The statute provides in relevant part:

> (1)(a) When any person is found guilty in any superior court of having committed a crime . . . *there shall be imposed by the court upon such convicted person a penalty assessment. The assessment shall be in addition to any other penalty or fine imposed by law and shall be five hundred dollars for each case or cause of action that includes one or more convictions of a felony* or gross misdemeanor and two hundred fifty dollars for any case or cause of action that includes convictions of only one or more misdemeanors.

(Emphasis added)

The plain language of this statute unambiguously requires that a $500 penalty assessment be imposed for each case or cause of action that includes one or more felony convictions. Both of Mr. Remington's cases involved felony convictions. Therefore, the $500 penalty assessment was properly ordered under each cause number.

Next, the court imposed $200 in court costs in each case. The face of each judgment and sentence document specifies that the $200 cost is for the criminal filing fee. The applicable statute is RCW 36.18.020(2)(h), which provides in relevant part:

4

> (2) Clerks of superior courts shall collect the following fees for their
> official services:
>
> . . . .
>
> (h) Upon conviction or plea of guilty . . . upon failure to prosecute an
> appeal from a court of limited jurisdiction as provided by law, or upon
> affirmance of a conviction by a court of limited jurisdiction, *a defendant in
> a criminal case* shall be liable for a fee of two hundred dollars.

(Emphasis added).

Mr. Remington was a defendant in two separate criminal cases and was convicted in each case. Under the statute's plain language, he is liable for the $200 filing fee in each case. The court thus properly imposed that cost in each judgment and sentence.

Finally, the court imposed a $100 DNA collection fee in each case. This fee is governed by RCW 43.43.7541. The statute provides in pertinent part:

> *Every sentence* imposed for a crime specified in RCW 43.43.754
> must include a fee of one hundred dollars. The fee is a court-ordered legal
> financial obligation as defined in RCW 9.94A.030 and other applicable
> law. For a sentence imposed under chapter 9.94A RCW, the fee is payable
> by the offender after payment of all other legal financial obligations
> included in the sentence has been completed.

(Emphasis added). The crimes specified in RCW 43.43.754 include all adult felonies. RCW 43.43.754(1)(a).

Recently, in *State v. Thornton*, No. 32478-8-III, slip op. at 4 (June 16, 2015), we held that RCW 43.43.7541's language "[e]very sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars" plainly and unambiguously provides that the $100 DNA database fee is mandatory for all such sentences. *See also*

5

No. 32664-1-III; 32674-8-III
*State v. Remington*

*State v. Thompson*, 153 Wn. App. 325, 338, 223 P.3d 1165 (2009) (phrase "every sentence" unambiguously indicates that sentencing is the precipitating event for imposition of the mandatory fee required by RCW 43.43.7541). Mr. Remington received two sentences, albeit with concurrent confinement. The court correctly imposed the $100 DNA collection fee in each judgment and sentence.

The court was authorized to impose the LFOs that it did in each of Mr. Remington's judgment and sentences. The fact that his confinement time in the two cases was ordered to run concurrently does not remove him from the plain language of the statutes discussed.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Brown, J.

Siddoway, C.J.

6