483 P.2d 442

**STATE of Utah, Plaintiff and Respondent,**

v.

**Charles BUGGER, Defendant and Appellant.**

**No. 12278.**

Supreme Court of Utah.

April 6, 1971.

Ellett, J., dissented and filed opinion.

Robert Van Sciver, Van Sciver, Florence, Hutchison & Sharp, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The defendant was found guilty of a violation of Section 41-6-44, U.C.A.1953, and from that conviction he has appealed to this court.

During the night of July 28, 1969, the defendant was asleep in his automobile which was parked upon the shoulder of a road known as Tippet's Lane in Davis County. The automobile was completely off the traveled portion of the highway and the motor was not running. An officer of the Highway Patrol stopped at the scene and discovered the defendant was asleep. With some effort the officer succeeded in awakening the defendant, at which time the officer detected the smell of alcohol and arrested the defendant for being in actual physical control of the vehicle while under the influence of intoxicating liquor.

The complaint charges the defendant with the violation of the statute above referred to which provides as follows:

It is unlawful and punishable as provided in subsection (d) of this section for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

The defendant is here challenging the validity of the statute on the grounds of vagueness. However, we need not decide the case upon that ground. That part of the statute which states: "be in actual physical control of any vehicle" has been before the courts of other jurisdictions which have statutes with similar wordings. The word "actual" has been defined as meaning "existing in act or reality; * * * in action or existence at the time being; present; * * *." The word "physical" is defined as "bodily," and "control" is defined as "to exercise restraining or directing influence over; to dominate; regulate; hence, to hold from actions; to curb." The term in "actual physical control" in its ordinary sense means "existing" or "present bodily restraint, directing influence, domination or regulation."[1] It is

1. State v. Webb, 78 Ariz. 8, 274 P.2d 338; State v. Ruona, 133 Mont. 243, 321 P.2d 615; Ohio v. Wilgus, Com.Pl., 17 Ohio Supp. 34; Parker v. State (Okl. Cr.App.), 424 P.2d 997; 47 A.L.R.2d 582.

clear that in the record before us the facts do not bring the case within the wording of the statute. The defendant at the time of his arrest was *not* controlling the vehicle, nor was he exercising any dominion over it. It is noted that the cases cited by the plaintiff in support of its position in this matter deal with entirely different fact situations, such as the case where the driver was seated in his vehicle on the traveled portion of the highway; or where the motor of the vehicle was operating; or where the driver was attempting to steer the automobile while it was in motion; or where he was attempting to brake the vehicle to arrest its motion.

We are of the opinion that the facts in this case do not make out a violation of the statute and the defendant's conviction is reversed. We do not consider it necessary to discuss the other claimed errors raised by the defendant.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I dissent.

The statute formerly made it unlawful for a person under the influence of intoxicating liquor to drive any vehicle upon any highway within this state.[1] The amendment added a provision making it unlawful to be in actual physical control of a vehicle while under the influence of intoxicating liquor. It removed the need to be upon a highway before the crime was made out and did away with the necessity of driving before a crime was committed.

The reason for the change is obvious. It is better to prevent an intoxicated person in charge of an automobile from getting on the highway than it is to punish him after he gets on it. The amended statute gives officers a right to arrest a drunk person in the control of an automobile and thus prevent him from wreaking havoc a minute later by getting in traffic, or from injuring himself by his erratic driving.

It does not matter whether the motor is running or is idle nor whether the drunk is in the front seat or in the back seat. His potentiality for harm is lessened but not obviated by a silent motor or a backseat position—provided, of course, that he is the one in control of the car. It only takes a flick of the wrist to start the motor or to engage the gears, and it requires only a moment of time to get under the wheel from the back seat. A drunk in control of a motor vehicle has such a propensity to cause harm that the statute intended to make it criminal for him to be in a position to do so.

Restraining the movement of a vehicle is controlling it as much as moving it is.

1. Sec. 57-7-14, R.S.U.1933.

A person finding a drunk in the back seat of a car parked in one's driveway is likely to learn who is in control of that car if he should attempt to move it. A drunk may maliciously block one's exit, and in doing so he is in control of his own vehicle.

I think the defendant in this case was in control of his truck within the meaning of the statute even though he may have been asleep. He had the key and was the only one who could drive it. The fact that he chose to park it is no reason to say he was not in control thereof.

I, therefore, think that we should consider the question which he raises in his brief as to the validity of the statute.

Cases wherein an attack was made on statutes like ours have been decided in a number of jurisdictions. They hold the statute good.

In the case of State v. Webb, 78 Ariz. 8, 274 P.2d 338 (1954), the defendant was intoxicated and asleep in a truck parked next to some barricades in a lane of traffic. An officer passed by and observed no one in the car. Later he returned and found the defendant "passed out." The statute made it a crime to be in actual physical control of a car while under the influence of intoxicating liquor. The defendant contended that the wording of the statute was not meant to apply to a situation where the car was parked and that it was only concerned with the driving of an automobile and other acts and conduct of a positive nature. In holding that the statute was applicable to the conduct of the defendant, the court said:

> An intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than that involved when the vehicle is actually moving, but it does exist.

In the case of Parker v. State, 424 P.2d 997 (Okl.Cr.App.1967), the appellant challenged the constitutionality of a statute making it unlawful for "any person who is under the influence of intoxicating liquor to drive, operate, or be in actual physical control of any motor vehicle within this state." There the defendant (appellant) claimed that the statute was unconstitutional in that it was so vague and indefinite that a person charged thereunder would be deprived of due process of law. The court held that the statute did not violate any of appellant's constitutional rights.

Under a similar statute the Montana Supreme Court in State v. Ruona, 133 Mont. 243, 321 P.2d 615 (1958), held that the statute was not void for vagueness, and in doing so said:

> * * * Thus one could have "actual physical control" while merely parking or standing still so long as one was keeping the car in restraint or in position to regulate its movements. Prevent-

ing a car from moving is as much control and dominion as actually putting the car in motion on the highway. Could one exercise any more regulation over a thing, while bodily present, than prevention of movement or curbing movement. As long as one were physically or bodily able to assert dominion, in the sense of movement, then he has as much control over an object as he would if he were actually driving the vehicle.

\* \* \* \* \* \*

\* \* \* [I]t is quite evident that the statute in the instant case is neither vague nor uncertain. \* \* \*

The appellant here claims some federally protected rights in that he says he was improperly arrested. It is difficult for me to see where that has anything to do with guilt or innocence. If he were improperly arrested, he would have an action against the officer for false arrest, but surely our courts have not lost contact with reality to the extent that we turn a guilty man free simply "because .the constable may have blundered."

From what has been said above, there is absolutely no merit to this claim. By being in control of an automobile while under the influence of intoxicating liquor, the defendant was guilty of a misdemeanor which was in the presence of the officer, and the officer had a right and a duty to arrest him.[2]

The defendant was found guilty in the court below of being in actual physical control of his truck while he was under the influence of intoxicating liquor. He does not dispute that he was drunk. If the statute is good, we should not attempt to overrule the trier of the facts and find that the defendant was not the one actually controlling his truck.

I would affirm the judgment of the trial court.