**STATE v. SUAREZ.**

No. P213-735.

County Court, Dade County.

January 24, 1979.

---

Antonia J. Barnes, Assistant State Attorney, for the state.

H. Frank Rubio, Miami, for the defendant.

STEVEN D. ROBINSON, County Court Judge.

Defendant has in this case moved to dismiss on the ground that the material and undisputed facts of this cause fail to establish prima facie, the guilt of this defendant of the offense charged. The state filed a traverse. The facts as stated in the state's memorandum of law, which are consistent with its traverse, are as follows —

"On April 4, 1978, at approximately 10:15 P. M., the defendant was observed by Officers Rojas and Cadavid slumped over the steering wheel of his vehicle in the parking lot of the New England Oyster House. The motor of the defendant's vehicle was turned off, but the keys were in the ignition. The officers repeatedly attempted to awaken the defendant, but were unsuccessful. At that time, the officers detected an odor of alcohol about the defendant's person and breath. When the subject was finally awakened, the officers further observed that the defendant's eyes were bloodshot and his speech was impaired."

The issue is whether "actual physical control" of a motor vehicle, contained in the Driving While Under the Influence of Alcoholic Beverages Statute, F.S. 316.193(1), includes a driver asleep in a

public parking lot. The court finds the most analogous cases throughout the county to be divided — *City of Cincinnati v. Kelly,* 47 Ohio St. 2d 94, 351 N.E. 2d 85 (1976); *Hughes v. State,* 535 P. 2d 1023 (Okl. Cr. 1975); *State v. Ruana,* 321 P. 2d 615 (Mont., 1958); and *State v. Webb,* 78 Ariz. 8, 274 P. 2d 338 (1954). The strongest case is *State v. Webb,* which held that there is a legitimate inference to be drawn that defendant had of his own volition placed himself behind the wheel, and had either started the motor or permitted it to run. 274 P. 2d 338, at 340.

The fact that the defendant was asleep places this case more consistently with *State v. Bugger,* 25 Utah 2d 404, 483 P. 2d 442 (1971) where the court held "actual physical control" to be as follows —

> The word "actual" has been defined as meaning "existing in act or reality;***in action or existence at the time being; present;***."

> The word "physical" is defined as "bodily" and "control" is defined as "to exercise restraining or directing influence over; to dominate; regulate; hence, to hold from actions; to curb." The term in "actual physical control" in its ordinary sense means "existing" or "present bodily restraint, directing influence, domination or regulation." (Citations omitted.)

The court specifically distinguished *State v. Webb,* supra.

Under that definition, without the motor running, this court does not find that defendant's control was sufficient to be culpable and adopts the rationale of the majority opinion in *State v. Bugger,* supra. The defendant was not exercising dominion (the motor was off) nor was he in control (he was asleep).

Wherefore, the motion to dismiss is granted and the defendant is discharged.