Robert A. SANDERS, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Civ. A. No. 80–3185.

United States District Court, District of Columbia.

July 30, 1981.

Harvey M. Katz, Washington, D.C., for plaintiff.

Craig Lawrence, Asst. U.S. Atty., Washington, D.C., for defendants.

JOHN LEWIS SMITH, Jr., District Judge.

## MEMORANDUM

Plaintiff brings this action against the United States and an officer of the United States Park Police pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671–80 (1976). He seeks damages for false arrest, false imprisonment, negligence, and violations of his constitutional rights. The parties have stipulated to certain facts. Plaintiff now moves for partial summary judgment on what he considers to be the question of liability, while defendants have moved for summary judgment on the entire action.

The Pageant of Peace is an annual event held under permit from the United States

on the Ellipse. The Pageant includes the erection of a federal and state Christmas trees. On December 27, 1979, plaintiff went to the Ellipse and placed three small signs beneath the South Carolina Christmas tree, and then stood beside that state tree holding a larger sign. The purpose of the signs and of plaintiff's presence was to call public attention to what he considered to be the mysterious deaths of three black males in Chester, South Carolina. The Pageant was still in progress to the extent that its permit continued in effect and its Christmas trees remained standing and had not been removed. However, there were no ceremonies taking place at that time and there were no large crowds of people. The plaintiff was not interfering with any pedestrian traffic or other traffic, and his presence on the Ellipse posed no threat to the peace. Plaintiff had not obtained a permit to demonstrate on the Ellipse.

At the time in question, it was the policy and practice of the United States in its administration of demonstration permit regulations, 36 C.F.R. § 50.19 (1980), not to arrest a lone demonstrator who had not obtained a permit for his or her peaceful demonstration on federal property, unless one of two elements was present: (1) that person was intruding on another demonstration or event for which a permit had been issued; or (2) that person was committing some other violation of law. This policy and practice continues in effect today.

While standing beside the tree, plaintiff was arrested after refusing to remove himself and his signs from the area. In making the arrest, the parties agree the arresting officer was acting in good faith compliance with the policy and practice noted above. Plaintiff was charged with disorderly conduct, but, after prosecutors refused to formalize the charge, was released several hours later. Plaintiff now contends that the policy and practice was unconstitutional and that the arrest was thus illegal. He concedes that, if the Court finds them to be constitutional, his case fails. In the interest of judicial economy, the Court will initially consider the constitutional question, rather than any factual defenses available to defendants.

In order to delineate precisely the issue before the Court, it is appropriate to first identify what this case does not concern. First, there is no allegation of either impermissible discrimination or arbitrariness in the application of this policy. It covers all demonstrations or events previously scheduled without regard to whether they are sponsored by the United States. Permits for such events and demonstrations are awarded on a first-come, first-served basis. Moreover, there is no suggestion that this plaintiff's arrest was in any way based on the content of his views. Second, there is no indication that the area to which this prohibition applied extended beyond the immediate area used and needed by the Pageant. Plaintiff was free to express his convictions outside of but adjacent to that area. The issue presented here is thus relatively narrow: did plaintiff, in the exercise of his constitutional freedoms, have a right to express his views by intruding within an area reserved for another event still in progress? Plaintiff contends defendants could only prohibit his expression if it unreasonably interfered with the preexisting event, while defendants respond that they have the authority to stop all intrusions into a reserved area, regardless of the level of interference. Resolution of this dispute turns upon whether defendants' time, place, and manner restrictions on plaintiff's exercise of his First Amendment rights are reasonable and serve a significant government interest. *See, e. g., Heffron v. International Society of Krishna Consciousness, Inc.,* —— U.S. ——, ——, 101 S.Ct. 2559, 2563, 69 L.Ed.2d 298 (1981); *Adderly v. Florida,* 385 U.S. 39, 47–48, 87 S.Ct. 242, 247, 17 L.Ed.2d 149 (1966).

The government interest here is twofold. The first concerns the safety, order, and convenience of those other citizens already participating in the preexisting event. In evaluating the justification for a regulation of the type at issue, the Court should not assess only the impact which would be caused by one party before the Court, but rather the impact which would be caused by

all persons who would wish to invoke the right. *Krishna,* —— U.S. at ——, 101 S.Ct. at 2565. Seen in this light the justification is not the discrete impact of plaintiff's demonstration, it is the cumulative impact which would be caused by the presence of the many single and peaceful demonstrators who might choose to intrude upon ongoing events. *Id.* at —— U.S. at —— – ——, 101 S.Ct. at 2565–2567. The Court finds that the confusion and disorder that could be caused by allowing all single, peaceful intrusions is significant enough to support defendants' policy of excluding such intrusions.

Secondly, and more fundamentally, is the interest in guaranteeing citizens the right to participate in events or demonstrations of their own choosing without being subjected to interference by other citizens. A physical intrusion into another event for the purpose of interjecting one's own convictions or beliefs is by definition an interference, regardless of how insubstantial or insignificant it might appear. As such, it is an interference with the rights of other citizens to enjoy the event or demonstration in which they have chosen to participate, and in an area reserved for them. Plaintiff has cited no case supporting his claim of a constitutionally protected right to intrude upon another event in this manner, and the case he chiefly relies upon, *Women Strike for Peace v. Morton,* 472 F.2d 1273 (D.C.Cir. 1972), does not support his position. That Court, which was also dealing with demonstrations in the context of the Pageant, did not conclude that there exists a right to intrude upon or interfere with other citizens' use or enjoyment of the Pageant. *Id.* at 1292 (Wright, J.), 1303–04 (Leventhal, J.), 1304 (Robb, J.). The circumstances here are no different. Plaintiff had an undeniable right to express his views, whatever they were, but not in an area set aside for another event where his intrusion would be an interference.

Accordingly, the Court finds the policy under which the plaintiff was arrested to have been constitutional. Because this precludes any recovery by plaintiff, judg-

ment must be for defendant as a matter of law. An appropriate order follows.