**Donald Mark ADAMS,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 84–173.**

Supreme Court of Wyoming.

April 9, 1985.

---

Donald L. Painter, Casper, for appellant (defendant).

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., Terry J. Harris, Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., Cheyenne, for appellee (plaintiff).

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant was convicted of being in "actual physical control" of his parked vehicle while intoxicated. He raises two issues on appeal:

"I

"Whether the element of 'actual physical control' contained in Section 31–5–233(a), W.S.1977, is unconstitutionally vague?

"II

"Whether there existed sufficient evidence to support a finding that appellant was in 'actual physical control' of his vehicle at the time of his arrest * * *."

We will affirm.

On May 17, 1983, at approximately 11:30 p.m., appellant was found by Highway Patrolman Tom Chatt parked near Highway 220 between Casper and Rawlins, at or near Milepost 75, with his vehicle off the right side of the highway about 20 feet. The engine was not running, none of the

lights were on, and the keys were in the ignition but in the off position. Appellant was unconscious and intoxicated. He was in the driver's seat behind the steering wheel.

When Officer Chatt arrived, appellant did not respond to audible stimuli but did awaken when shaken by the officer. Officer Chatt characterized appellant's conduct and bearing as a "little bit unsteady," but he did not stumble. His speech was either "slightly slurred" or "slightly slow speech." At times appellant appeared confused, but was at all times courteous and cooperative. Appellant stipulated that his blood alcohol reading was .152 shortly after his arrest, and the degree of his intoxication was not an issue at trial, nor is it an issue on appeal.

Appellant was charged with being in "actual physical control" of a motor vehicle while in an intoxicated condition which rendered him incapable of safely operating such vehicle. He was charged with violating § 31–5–233(a), W.S.1977, 1983 Cum. Supp.:

> "It is unlawful for any person who is under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle, to drive or have actual physical control of any vehicle within this state." [1]

Appellant was tried by the Honorable Stephen E. Davidson, Natrona County Judge, sitting without a jury, and found guilty. His conviction was affirmed by the district court sitting as an intermediate appellate court.

### I

Appellant contends that the words "actual physical control," contained in § 31–5–233(a), W.S.1977, are unconstitutionally vague and ambiguous. He did not designate a constitutional issue on appeal, nor was it raised in the courts below. Appellant merely states in his brief that the statute is unconstitutional but he cites no authority. We have not had an occasion to consider the constitutionality of § 31–5–

233(a). However, other states have addressed the constitutional challenge that is now before us.

In 1956, Montana had a provision in its statute which utilized the term "actual physical control" in almost the identical manner as involved here. See § 32–2142(1) subd. (a) R.C.M.1947. The Montana Supreme Court held that the statute was "neither vague nor uncertain." *State v. Ruona*, 133 Mont. 243, 321 P.2d 615 (1958). The court stated:

> "* * * Using the term in 'actual physical control' in its composite sense, it means 'existing' or 'present bodily restraint, directing influence, domination or regulation.' Thus, if a person has existing or present bodily restraint, directing influence, domination, or regulation, of an automobile, while under the influence of intoxicating liquor he commits a misdemeanor within the provisions of [the statute]. * * *"

In arriving at the above definition, the Montana court interpreted the words "actual," "physical," and "control" in their ordinary meaning. This is consistent with the general rule that words of a statute are to be interpreted in their ordinary, everyday sense unless a contrary interpretation is indicated in the specific statute. *Wyoming State Department of Education v. Barber*, Wyo., 649 P.2d 681 (1982).

We are satisfied with the Montana Supreme Court's definition of "actual physical control," and are persuaded that such definition is applicable to the Wyoming statute. We hold, therefore, that § 31–5–233(a), W.S.1977, is not unconstitutional because of vagueness or ambiguity. See also *Parker v. State*, Okla.Crim.App., 424 P.2d 997 (1967).

### II

Before 1981, § 31–5–233(a), W.S. 1977, made it an offense for anyone, who was under the influence of intoxicating liquor to a degree which rendered him incapable of safely driving a motor vehicle, to

---

**1.** Now § 31–5–233(a), W.S.1977 (November 1984 Replacement).

drive any vehicle within the state. The legislature amended the statute in 1981. The word "drive" was retained, and the words "or have actual physical control of" were added in the disjunctive. Ch. 12, S.L. of Wyoming, 1981.

We conclude that the legislature intended that the present law cover factual situations not covered by the earlier statute, and more particularly, that the legislature intended that the law should apply to persons having control of a vehicle while not actually driving it or having it in motion. The new statute defines two different offenses, "driving a vehicle" while intoxicated and "having actual physical control of a vehicle" while intoxicated.

Appellant contends that there was no "actual physical control" under the circumstances of this case, that is, the vehicle lights were off, the engine was not running, the ignition key was in an "off" position, and the vehicle was off the road. Appellant cites the following cases to support his contention. *Key v. Town of Kinsey*, Ala.Crim.App., 424 So.2d 701 (1982); *State v. Zavala*, 136 Ariz. 356, 666 P.2d 456 (1983); *Garcia v. Schwendiman*, Utah, 645 P.2d 651 (1982); *State v. Bugger*, 25 Utah 2d 404, 483 P.2d 442 (1971).

Other jurisdictions have held otherwise, and we believe their determination more nearly comports with Wyoming public policy. The controlling facts in *Hughes v. State*, Okla.Crim., 535 P.2d 1023 (1975), are almost identical to the facts in the case here. In Hughes, the keys were merely in the ignition and the accused was unconscious behind the wheel of his parked car.[2] The Oklahoma court found the accused to be in "actual physical control" of an automobile.[3] The court there said:

"* * * We believe that an intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public. The danger is less than where an intoxicated

person is actually driving a vehicle, but it does exist. The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away. He therefore had 'actual physical control' of the vehicle within the meaning of the statute. * * *" Id., at 1024.

An intoxicated person seated behind the steering wheel of an automobile is a threat to the safety and welfare of the public. The danger is less than that involved when the vehicle is actually moving; however, the danger does exist and the degree of danger is only slightly less than when the vehicle is moving. As long as a person is physically or bodily able to assert dominion in the sense of movement by starting the car and driving away, then he has substantially as much control over the vehicle as he would if he were actually driving it. *State v. Webb*, 78 Ariz. 8, 274 P.2d 338 (1954); and *State v. Ruona*, supra.

We believe that the legislative intent in enacting the "actual physical control" portion of § 31–5–233(a), W.S.1977, is apprehending the intoxicated driver before he can do any harm by operating a motor vehicle. *Mason v. State*, Okla.Crim., 603 P.2d 1146 (1979); and *Hughes v. State*, supra. Furthermore, the statute is indicative of public policy of the State of Wyoming to discourage intoxicated persons from making any attempt to enter a vehicle except as passengers or passive occupants. *Garcia v. Schwendiman*, supra.

We believe there was sufficient evidence in this case to support the trial court's finding that appellant was "in actual physical control" of his vehicle at the time of his arrest.

Affirmed.

**2.** We learn some of the details of Hughes from *Mason v. State*, Okla.Crim., 603 P.2d 1146 (1979).

**3.** The applicable Oklahoma statute was 47 O.S. § 11–902, which in pertinent part, is almost identical to § 31–5–233(a), W.S.1977.