**David Wayne HOLLAND, Plaintiff,**

v.

**John WILSON, Etc., Defendant,**

**Southern Poverty Law Center, Intervenor.**

**Civ. A. No. 89V–1161–N.**

United States District Court,
M.D. Alabama, N.D.

Nov. 2, 1989.

David Wayne Holland, Lawrenceville, Ga., pro se.

George B. Azar, Montgomery, Ala., and Hugh R. Evans, III, City Atty., Montgomery, Ala., for defendant.

Robert D. Segall, Montgomery, Ala., for intervenor.

## OPINION

VARNER, District Judge.

This cause is now before the Court on Plaintiff's request for a temporary restraining order filed herein October 27, 1989, and on Intervenor Southern Poverty's counterclaim seeking a temporary restraining order filed herein October 31, 1989. This cause is submitted on the evidence presented in open Court on November 1, 1989, and on the parties' briefs. This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

## FACTS

Plaintiff, David Wayne Holland [hereinafter Holland], seeks a temporary restraining order which would allow him and members of the organization to which he belongs [1] the right to assemble and demonstrate in protest to the unveiling and dedication of a civil rights monument [hereinafter monument] in the downtown area of Montgomery, Alabama. The monument is a memorial to individuals who lost their lives during the civil rights struggles of the 1950's and 1960's. In conjunction with the unveiling and dedication of this memorial, a number of events have been planned which will encompass the daylight hours of November 5, 1989. Intervenor Southern Poverty has been the primary force behind the funding and planning of this event. However, Southern Poverty has enlisted the support of numerous civic and church organizations in regard to this event. An estimated crowd of 10,000 to 20,000 is expected on Sunday. Moreover, a detailed plan has been developed that includes blocking off approximately 14 city blocks and providing shuttle service from and to outlying parking areas. Southern Poverty applied for and received from the City of Montgomery a permit to have the event on Sunday, November 5, 1989. Holland subsequently applied for and was denied a permit to protest on the same day as had been previously reserved by Southern Poverty. The basis for Holland's denial was twofold: (1) the police could not properly insure the safety of *all* those present at the event [2]

---

1. The organization Holland belongs to is known as the Southern White Knights. A separate organization espousing similar views as the White Knights is known as the Invisible Empire. For purposes of clarity and brevity, the organizations involved will simply be referred to hereinafter as the Klan.

2. This includes Holland and the members of his organization.

and (2) the Montgomery Police Department did not have enough manpower to adequately supervise both groups such that Holland could be granted a permit to demonstrate in another part of the City. [Court's Exhibit 1]. Defendant Wilson, the Chief of Police, testified that he has mustered all the available forces, including the Alabama State Troopers and the Montgomery County Sheriff's Department but that, in his opinion, he will not be able to fulfill his safety responsibility to the public if both of these groups were granted permits on the same day, irrespective of whether or not Holland and his friends are required to assemble in another part of the City. For the foregoing reasons, this Court is of the opinion that Holland's request for a temporary restraining order is due to be denied and Southern Poverty's request for a temporary restraining order is due to be granted in part.

The fundamental question this Court must address is whether or not the denial to Holland of a permit for November 5, 1989, is a reasonable time, place and manner restriction. No one disputes the fact that Holland and his compatriots, as well as the Defendant, have a First Amendment right to espouse their beliefs, regardless of how unpopular or offensive to some they may be. However, in the case at bar, this Court must balance the First Amendment rights, not only of Holland, but also of Southern Poverty and its guests. Moreover, this Court must factor into the balancing process the City of Montgomery's interest in, and duty of, protecting its citizens and guests from possible violence. Reasonable time, place and manner restrictions will be upheld if they serve a significant governmental interest and leave ample alternative channels for communication. *Consolidated Edison Co. v. PSC*, 447 U.S. 530, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). It is the opinion of this Court that the City has shown a significant interest in denying Holland a permit for this particular day. The decision was not based on the expected content of the speech but, rather, on the interest of public safety. Furthermore,

Holland has been told that he may have a permit for another day and that, had he applied for a permit before Southern Poverty, he, rather than Southern Poverty, would have been granted the permit. It is undisputed that these two groups have a history of substantial confrontation. Each believes strongly in the cause they advocate. The recent incident in Forsythe County, Georgia, serves as strong evidence as to the probable results that will ensure when these two antagonistic groups are put in the vicinity of one another. This Court has no alternative other than to hold that the City of Montgomery has a significant interest in not granting Holland a permit on November 5. Many children, possibly 20 percent of the total crowd, are expected to be in attendance on Sunday. This Court is unwilling to put those children or any other person in danger simply because Holland and his group would like to be seen on the local news. See *Vietnam Veterans Against the War v. Morton*, 506 F.2d 53, 58 (D.C.Cir.1974). The safety of *all* the individuals is paramount and, thus, justifies the City's denial of the permit in light of Chief Wilson's testimony as to inadequate manpower available.

Mr. Holland does not dispute the fact that he incites his followers to a fever pitch. Holland also admits that he cannot control their actions. Mr. Holland's past behavior shows that the language he uses in his speeches is reasonably expected to cause either side to react violently. Language reasonably expected to ferment violence is particularly objectionable and dangerous in light of the solemnity of the occasion commemorating the dead and honoring their families.

Additionally, the rights of Southern Poverty must be considered. Southern Poverty has previously reserved this area for its event and, thus, its own First Amendment rights are deserving of this Court's protection. Because of the violence shown by the evidence to have followed speeches made by Holland in Forsythe County, Georgia, this Court is of the opinion that Holland's being allowed to demonstrate on the subject occasion would cause reasonable per-

sons with knowledge of that occasion to reasonably fear a violent confrontation and, therefore, interfere with their freedom of expression. See *We've Carried the Rich v. City of Philadelphia,* 414 F.Supp. 611 (E.D.Pa.), *affm'd.* 538 F.2d 322 (3rd Cir.1976). Furthermore, Southern Poverty has, within reason, a "right to participate in events or demonstrations of their own choosing without being subjected to interference by other citizens. A physical intrusion into another event for the purpose of interjecting one's own convictions or beliefs is by definition an interference * * *." *Sanders v. United States,* 518 F.Supp. 728 (D.C.Cir.1981), *affm'd.* 679 F.2d 262 (D.C. Cir.1982). There is no question that Mr. Holland intends to interject his beliefs by whatever means, including but not limited to screaming at all persons within hearing. This Court cannot allow such an intrusion upon Southern Poverty's constitutional rights.

These decisions dealing with the balancing of competing constitutional rights are always difficult. However, one person's constitutional rights end where another's begin. This is the present situation.

Based on the rights of Southern Poverty and the significant interest of the City of Montgomery in enforcing its own laws to protect the public, this Court is of the opinion that Holland's request for a temporary restraining order should be denied and that Intervenor Southern Poverty's counterclaim requesting a temporary restraining order should be granted in part and denied in part. An Order and Injunction will be entered in accordance with this Opinion.

DONE.

### ORDER AND INJUNCTION

In accordance with the Opinion entered in the above-styled cause on this date, it is

ORDERED by this Court that Plaintiff Holland's request for a temporary restraining order filed herein October 27, 1989, be, and the same is hereby, denied.

It is further ORDERED by this Court that Intervenor Southern Poverty's counterclaim requesting a temporary restraining order be, and the same is hereby, granted to the extent that Holland and any person acting in concert or participating with him are hereby enjoined from interfering in any way with Southern Poverty's sponsored events of November 5, 1989, and with interfering in any way with the ingress or egress of those participating in such events. Furthermore, Plaintiff Holland is ORDERED to give notice of this Court's Order to all those who assemble or plan to assemble with him on November 5, 1989. Southern Poverty's request for a temporary restraining order is hereby denied in all other respects.

DONE.