Terry M. **BRANDON**, Plaintiff–Appellee,

v.

**SPRINGSPREE, INC.**, Defendant–Appellant.

No. 93CA1217.

Colorado Court of Appeals, Div. III.

Dec. 15, 1994.

Terry M. Brandon pro se.

William J. Hornbostel, Colorado Springs, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Springspree, Inc., appeals a declaratory judgment extending to the plaintiff, Terry M. Brandon, the right to visit a festival put on by Springspree and to engage in his public religious ministry on the site and during the time in which Springspree has received a permit for its event. We affirm in part and reverse in part.

Springspree is a private, non-profit organization which organizes an annual festival for the enjoyment of the people of Colorado Springs (City). It receives a permit from the City for the use of certain streets, sidewalks, and parkland for the festival.

The two-day, family oriented festival features cultural and artistic programs, performances, exhibits, booths, and other festivities for the enjoyment of the general public. Springspree freely grants booths to any person or group applying for one as long as the application and planned activity are consistent with Springspree's policies regarding the festival. To encourage a purely cultural and artistic festival, Springspree strictly enforces its policy that no adherents of political, religious, ideological, or social causes may participate in the festival.

Brandon is a street preacher who has attended the festival in the past in order to preach his gospel, pass out anti-abortion poster-size photos of aborted fetuses, engage in dialogue, and answer questions. He requested an application for a booth in order further to facilitate his preaching within the festival. His application was effectively denied by Springspree since it refused to send him an application. Springspree's long-held policy is to deny a booth to any person or group which has violated Springspree's policies at a previous festival. The record reveals that it was on that basis that Springspree denied a booth to Brandon when he requested to apply for one in March 1992.

Brandon brought this action requesting an injunction ordering Springspree to grant him a booth on the basis of his First Amendment rights to free speech. Springspree counterclaimed against Brandon in a declaratory judgment action, asking that the court declare it's right to exclude Brandon's preaching and other demonstrative conduct from the festival based upon Springspree's First Amendment rights of assembly.

After an extensive analysis of the applicable caselaw, the trial court concluded that, as a holder of a permit from the City, Springspree's festival did not constitute state action under *Bock v. Westminster Mall*, 819 P.2d 55 (Colo.1991), and that Springspree had the right to enforce its own policy prohibiting political, religious, ideological, or social causes during the festival under its own rights under the First Amendment and Colo. Const. art. 2, § 10. The trial court, therefore, specifically found that Springspree may exercise its right of free assembly and exclude Brandon from the festival. However, based on rights to free speech, the trial court concluded that Brandon may exercise his right to visit the festival and engage in his ministry within the festival if he does so "in a quiet and orderly fashion."

Neither party appeals the trial court's order which has the effect of denying Brandon a booth within the festival. The sole issue raised by Springspree on appeal is whether the trial court erred in finding that Brandon has the right to visit the festival and engage in his ministry, in whatever fashion, within the festival's boundaries.

Springspree contends that, under the First Amendment, and in accordance with its permit granted by the City, it has a constitutional right to assemble, along with those it cares to have join it, for its own expressive pur-

poses. It asserts that, during the festival, it has the right to prevent Brandon from preaching and otherwise demonstrably expressing his ministry and from distributing literature within the boundaries encompassed by its permit. We agree.

■ The First Amendment guarantees the right to freedom of expression and the right to peacefully assemble. *Cox v. Louisiana,* 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965). Freedom of expression includes freedom of association and guarantees the right to associate or refuse to associate with whomever one chooses. *Abood v. Detroit Board of Education,* 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977).

■ In order to regulate competing uses of public *fora,* the Supreme Court has recognized that government may impose a permit requirement on those wishing to hold a march, parade, or rally. *Forsyth County v. Nationalist Movement,* 505 U.S. ——, 112 S.Ct. 2395, 120 L.Ed.2d 101 (1992).

To allow those holding opposing viewpoints to assemble in the same place at the same time would not only deny each the opportunity freely to exercise its rights of expression and association, but would also create untenable and sometimes dangerous situations. It is constitutionally recognized, that two parades cannot march on the same street simultaneously, and the government may, through its policy of issuing permits, allow only one. *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

Thus, permit systems are the embodiment of time, place, and manner restrictions on freedom of expression that have long enjoyed the approval of the Supreme Court. *See Heffron v. International Society for Krishna Consciousness, Inc.,* 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981); *Grayned v. City of Rockford, supra.* Here, since Springspree has appropriately received a permit for its festival, we must decide to what extent Springspree can limit Brandon's freedom of expression within the festival grounds.

In *Sanders v. United States,* 518 F.Supp. 728, (D.D.C.1981), *aff'd without opinion,* 679 F.2d 262 (D.C.Cir.1982), the district court had to decide whether the organizers of the Pageant for Peace, an annual event held on the Ellipse adjacent to the White House, could lawfully prevent an individual from expressing his views within the area reserved for the pageant by its permit. The court held that the physical intrusion by an individual into the event, for the purpose of interjecting his own convictions or beliefs, was, by definition, an interference, regardless of how insubstantial or insignificant it might appear. Therefore, he could properly be excluded from the pageant.

Likewise, in *Holland v. Wilson,* 737 F.Supp. 82 (M.D.Ala.1989), the district court held that a group which had reserved an area for its use for the unveiling of a civil rights monument had the right to participate in the event without being subjected to interference by a white supremacist group that wished to protest the dedication.

Here, Brandon wishes to express his beliefs and preach his gospel within the boundaries of Springspree's festival for which it has a lawful permit. In asking that it be allowed to prevent Brandon from preaching his ministry within the permit grounds, Springspree is asking for no more than the permit holders were given in *Holland, supra; Invisible Empire v. Mayor,* 700 F.Supp. 281 (D.Md.1988) (town cannot require an applicant for a parade permit to allow opponents of its group to march in its parade); and *New York County Board of Ancient Order of Hibernians v. Dinkins,* 814 F.Supp. 358 (S.D.N.Y.1993) (city cannot compel sponsor to allow a group, whose tenets are inconsistent with the sponsor's, to march in its parade). In those cases, the sponsors of the events were granted the right to exclude those who wished to advocate a view contrary or in opposition to the permit holder's views.

Here, there is no evidence that it is Brandon's particular views to which Springspree objects. Instead, Springspree objects to the subject matter on which Brandon wishes to speak. If the respective permittees have the right to exclude particular viewpoints from being expressed during their events in *Holland, Invisible Empire,* and *Dinkins,* certainly Springspree must have the right to be

free from interference by the expression of beliefs as to an entire subject matter, regardless of the content of the views expressed. *See Sanders v. United States, supra.*

We find the reasoning of *Sanders* and the other federal cases persuasive and hold that Springspree has the right to present its festival in accordance with its policy of prohibiting any political, religious, ideological, or social causes. Therefore, while the trial court correctly held that Brandon may have access to the festival, and we affirm that part of its declaratory judgment, we conclude that the trial court erred in declaring that Springspree may not prevent Brandon from engaging in conduct within its permit area that interferes with Springspree's stated purposes.

Because of the broadness of the subject matter which Springspree prohibits from its festival, and the need to recognize and protect all of the competing rights under the First Amendment at issue here, we conclude, as a matter of law, that Springspree may prohibit Brandon from engaging in certain conduct while within the permit-covered area of the festival, including, but not limited to, preaching, picketing, carrying symbols or photographs, demonstrating, pamphleteering, or otherwise espousing his gospel in ways that interfere with the rights of Springspree and its guests to assemble.

The declaratory judgment order is affirmed in all respects, except as to the provision requiring Springspree to permit Brandon to engage in his ministry within the festival, and the cause is remanded for modification of the judgment consistent with this opinion.

NEY and DAVIDSON, JJ., concur.