Appellant, the State of Ohio, appeals from a decision of the Clark County Municipal Court suppressing evidence against Appellee, Vincent R. Harmon. Police found Harmon asleep in his van in the parking area of a public park. Harmon was in the driver's seat, slumped over his steering wheel. His keys were in the ignition, but in the off position. The trial court suppressed the results of a BAC test because the court found that the test was not taken within two hours of Harmon's operating the vehicle. Although the test was taken approximately one hour after police spotted Harmon in the park, the court found that Harmon was not operating his vehicle at that time. Because sleeping in the driver's seat, with the key in the ignition and in the off position, constitutes "operation" of a vehicle under R.C. 4511.19, we reverse the judgment of the trial court and remand the case for further proceedings.
 I.
We draw the following facts from the written findings of the trial court and from the record below. At 11:00 a.m. on February 20, 1997, Officer Steven Henson responded to a call regarding a white cargo van in Davey Moore Park, in which a man was seen slumped over the steering wheel. When Officer Henson arrived, he found the van properly parked in the area provided for parallel parking adjacent to the roadway. Henson noticed that the brake lights of the vehicle were on. He also noticed that the man inside was sleeping and that an open bottle of alcohol was on the front seat of the van. The keys to the van were in the ignition, in the "off" position. The sleeping man was appellee, Vincent Harmon.
Henson knocked on the window of the van, then yelled at Harmon. Eventually he banged on the van with his flashlight. After several minutes, Harmon awoke, startled and confused. When Harmon stepped out of the van, he nearly fell down. Officer Henson took him into custody and placed him in the rear of the police cruiser. After reading Harmon his Miranda rights, the officer transported him to the police station. Harmon was then asked to submit to a blood-alcohol concentration (BAC) breath test. After seeking legal advice, he consented. The test was administered at 12:02 p.m. and revealed an alcohol concentration of .152. Harmon was cited with operating a motor vehicle while under the influence of alcohol against R.C. 4511.19(A)(1) and (A)(3), operating a motor vehicle without a license against Springfield Codified Ordinances 335.01(A)(1), and having an open container against Springfield Codified Ordinances 529.07(B).
Harmon moved the trial court to suppress all the evidence against him. After a hearing on May 16, 1997, the trial court issued a decision and entry suppressing the BAC test results in regard to the count of violating R.C. 4511.19(A)(3). The court found that Harmon had driven the car into the park many hours before the police arrived. Thus, the BAC test was not administered within two hours of his driving the vehicle. The court then determined that Harmon was not operating the vehicle, within the meaning of R.C. 4511.19 when Officer Henson found him sleeping with the key in the ignition switch, but in the off position. The court concluded, therefore, that the test was not given within the two hour period mandated by 4511.19(D)(1). Consequently, the court ruled that the test could not be used as evidence to prove a violation of 4511.19(A)(3). The state now appeals this ruling pursuant to Crim.R. 12(j).
 II.
The trial court cited no case precedent in support of its determination that sleeping in the driver's seat with the key in the ignition and the motor off is not "operation" of a vehicle under 4511.19. Nevertheless, the facts of this case are nearly identical to those in Sylvania v. Robinson, one of two cases that were consolidated and determined by the Supreme Court in the opinion State v. Gill (1994), 70 Ohio St.3d 150. In that case, park rangers found the defendant, Noble Robinson, asleep in his car in a public park. 70 Ohio St.3d at 151, syllabus. Robinson was slumped over the steering wheel with his key in the ignition and the engine off. Id. The holding of the Court in that case, as expressed in its syllabus, states: "A person who is in the driver's seat of a motor vehicle with ignition key in the ignition and who, in his or her body has a prohibited concentration of alcohol, is `operating' the vehicle within the meaning of R.C.4511.19 whether or not the engine of the vehicle is running."Id.[1]
The only potentially significant distinction between Robinson
and the instant case is a procedural one. With Robinson and Gill, the Supreme Court addressed whether the behavior in question constituted a crime under 4511.19(A). In the instant case, the trial court made its determination in the context of an evidentiary ruling pursuant to R.C. 4511.19(D)(1) and Newark v.Lucas (1988), 40 Ohio St.3d 100, 532 N.E.2d 130, paragraph one of syllabus. R.C. 4511.19(D)(1) permits the introduction of blood-alcohol concentration evidence if taken "within two hours of the time of the alleged violation." In Lucas, the Court held that a test taken outside the limit could not be used to prove the perse violations described in R.C. 4511.19(A)(2)-(4), although the evidence could be used in prosecuting a violation of R.C.4511.19(A)(1). 40 Ohio St.3d at 104. This dictate guided the trial court's evidentiary ruling. Nevertheless, the violation referenced in subsection (D)(1) is "operating" a vehicle under the influence. Because Gill is the binding and authoritative interpretation of the meaning of "operate" within the statute, that definition applies equally to the evidentiary question as to the violation itself. Consequently, this distinction does not avail.
Accordingly, we find that appellant was operating the vehicle when police found him asleep in his vehicle with his keys in the ignition. His BAC test was taken within the two hour limit of R.C. 4511.19(D)(1) and was admissible to prove the per se
violation described in R.C. 4511.19(A)(3). The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed and cause remanded.
YOUNG, P.J. and WOLFF, J., concur.
Copies mailed to:
Paul J. Kavanagh
Julie M. Olson
Hon. Eugene Nevius
[1] English-speaking people outside the field of law may be surprised to learn that a person can "operate" a motor vehicle while asleep with the vehicle's engine off. Indeed, Ohio appears to be unique in its broad interpretation of the word "operate." Compare Gill, 70 Ohio St.3d 150, with State v. Rutan
(La.App. 1984), 448 So.2d 267, 270; Munson v. Iowa Dept. ofTransp., MVD (Iowa 1994), 513 N.W.2d 722, 725; Harris v.Commonwealth (Ky.App. 1994), 709 S.W.2d 846, 847. See also Erwin, 1 Defense of Drunk Driving Cases 1-8, Section 1.02[1] ("The concept of "operating" focuses upon setting the operative machinery of the vehicle in motion, such as turning the ignition key to start the motor, as opposed to actually moving the vehicle."); cf. Huber v. City of Casper (Wyo. 1986) 727 P.2d 1002,1004-05 ("Operation means more than mere presence in a vehicle."). Nevertheless, a number of courts in states with statutes prohibiting "actual physical control" or, more broad still, "physical control" of a vehicle have defined those phrases to reach the same result that the Court reached in Gill. See, e.g.,Petersen v. Dept. of Pub. Safety (S.D. 1985), 373 N.W.2d 38, 39
(determining that circumstances warranted finding a violation as a matter of law); Berns v. Commr. of Pub. Safety (Minn. 1984),355 N.W.2d 493; Spann v. State (Ala.Crim.App. 1984), 440 So.2d 1224
(finding circumstances were sufficient to support the trial court's determination of guilt); Adams v. State (Wyo. 1985),697 P.2d 622 (finding sufficient evidence to affirm trial court's judgment). In states with "actual physical control" statutes, such broad interpretations are probably not the majority view. See, e.g., State v. Love (1995), 182 Ariz. 324, 897 P.2d 626
(finding the "legislature did not intend to forbid intoxicated individuals from seeking stationary shelter in their cars.");Atkinson v. State (1993), 331 Md. 199, 267 A.2d 1019, 1025; Statev. Bugger (1971), 25 Utah 2d 404, 405, 483 P.2d 442, 443. Even under a broad interpretation, appellate courts outside Ohio may give deference to a trial court's determination of a violation or its absence. See, e.g., Commonwealth v. Wolen (Pa. 1996),685 A.2d 1384, 1388 (adopting a totality of the circumstances test).