7 P.3d 1 (2000)
In the Matter of the Worker's Compensation Claim of Alan L. SELL, an Employee of the State of Wyoming Livestock Board.
Alan L. Sell, Appellant (Petitioner),
v.
State of Wyoming, ex rel. Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).
No. 98-145.
Supreme Court of Wyoming.
May 25, 2000.[*]
*2 Representing Appellant: Keith S. Burron of Associated Legal Group, LLC, Cheyenne, WY. Argument by Mr. Burron.
Representing Appellee: William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Assistant Attorney General. Argument by Mr. Haggerty.
Before LEHMAN, C.J., and THOMAS, MACY, and GOLDEN, JJ., and TAYLOR, J., Ret.
LEHMAN, Chief Justice.
The issues before us are whether an appointed member of a state board is a state employee within the meaning of the Workers' Compensation Act and, if so, whether he was injured while traveling in the performance of his duties. Appellant, Alan Sell (Sell), a member of the Wyoming Livestock Board, argues he was a state employee and was traveling to a board meeting in the course of his required duties. The Wyoming Workers' Safety and Compensation Division (Division) claims the state legislature did not intend to confer employment status when it created the board positions. We hold Sell was a state employee and that he was traveling in the course of his duties when he was injured. We, therefore, reverse the hearing examiner's denial of workers' compensation benefits.

ISSUES
The issues stated in Sell's Brief of Appellant are:
1. Whether Appellant, a member of the Wyoming Livestock Board, is entitled to receive workers' compensation benefits under the Wyoming Workers' Compensation Act for injuries he sustained in an automobile accident while traveling to a regularly scheduled Livestock Board meeting.
2. Whether Appellant is entitled to workers' compensation benefits under WYO. STAT. § 27-14-108(d)(iii) as a matter of law, even where the Wyoming Livestock Board has not elected to pay premiums for Livestock Board members under WYO. STAT. § 27-14-108(j).
The Brief of Appellee filed by the Division includes only one issue:
Sell held a Gubernatorial appointment as a member of the State Livestock Board; he was injured in an automobile accident on his way to a Board meeting in his own vehicle.
A. Was the Hearing Examiner's conclusion that Sell was not a "state employee" in accordance with law[?]

FACTS
The material facts of this case are not in dispute. The State has two related entities with the same name but different duties: the Wyoming Livestock Board (WLB) and the Wyoming Livestock Board (Board). WLB is a state agency with more than one hundred employees. The Board consists of seven individuals appointed by the governor pursuant to Wyo. Stat. Ann. § 11-18-101(a) (Lexis 1999). Its function is to protect livestock interests in the state from disease and theft. Wyo. Stat. Ann. § 11-18-102 (Lexis 1999). Sell was a Board member representing four Wyoming counties. As such, Sell received *3 compensation at the rate of ten dollars ($10.00) per day for time actually spent in the performance of [his] duties and traveling expenses while in attendance, and going to and from board meetings in the same manner and amount as provided for state employees by W.S. 9-3-102.
Wyo. Stat. Ann. § 11-18-106 (Lexis 1999).
On May 7, 1997, Sell was driving to a Board meeting in Cheyenne from his home in Burlington. He was involved in a single-vehicle accident in which he suffered a punctured lung and a broken leg. It was also necessary for doctors to remove Sell's spleen.
Sell filed a claim for worker's compensation benefits. In a May 29, 1997 Final Determination, the Division denied benefits stating, "[t]he employee is not employed in an occupation requiring coverage under Wyoming Statute XX-XX-XXX(c) and your employer has not elected coverage under Wyoming Statute XX-XX-XXX(j)." The following month, the Division issued an Amended Final Determination stating that it denied coverage because "[y]ou are not a covered employee under the Wyoming workers' compensation act."
Sell requested a hearing, which was held on November 23, 1997, before a hearing examiner from the Office of Administrative Hearings. The hearing examiner issued an Order Denying Benefits on February 11, 1998. The hearing examiner concluded Sell was neither engaged in an extrahazardous occupation nor a state employee and was, therefore, not entitled to workers' compensation benefits. Sell sought review in the district court, which certified the case to this court pursuant to W.R.A.P. 12.09.

STANDARD OF REVIEW
Our standard of review for workers' compensation cases is quite clear:
The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Tenorio v. State ex rel. Wyoming Workers' Compensation Div., 931 P.2d 234, 237 (Wyo.1997); Claim of Nielsen, 806 P.2d 297, 299 (Wyo.1991). Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. Matter of Corman, 909 P.2d 966, 970 (Wyo.1996); Aanenson v. State ex rel. Wyoming Workers' Compensation Div., 842 P.2d 1077, 1079 (Wyo.1992). We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. Matter of Gneiting, 897 P.2d 1306, 1308 (Wyo.1995); City of Casper v. Haines, 886 P.2d 585, 587 (Wyo. 1994).
Wright v. State ex rel. Workers' Safety & Compensation Division, 952 P.2d 209, 211 (Wyo.1998). Because no facts are in dispute, our review is limited to determining whether the hearing examiner correctly held that Sell was not a state employee traveling in the performance of his duties.

DISCUSSION
Two separate statutes offer Sell an opportunity to qualify for workers' compensation benefits. He could qualify if he were an "employee" within the definition appearing in Wyo. Stat. Ann. § 27-14-102(a)(vii) (Michie Cum.Supp.1996), or as a state employee traveling in the performance of his duties, pursuant to Wyo. Stat. Ann. § 27-14-108(d)(iii) (Michie Cum.Supp.1996). Sell, the Division, and the hearing examiner all agree that Sell does not fit the definition of "employee" in § 27-14-102 because his functions as a Board member are not extrahazardous employment.
Sell, therefore, claims coverage under § 27-14-108(d)(iii), which reads in pertinent part:
(d) This act applies to governmental entities engaged in an industrial classification listed under subsection (a) of this section and to employees of governmental entities engaged in or employed as the following:
...
(iii) State employees while traveling, but only when the travel occurs in the actual performance of their duties[.]
(Emphasis added.) The workers' compensation statute contains no definition of "state employee," and the context in which that *4 phrase appears shows that it is not encompassed within the act's definition of "employee." Therefore, our task is to determine what the legislature intended when it used the term state employee in § 27-14-108(d)(iii).
A basic axiom of statutory interpretation is that "[w]ords of a statute are to be interpreted in their ordinary, everyday sense unless a contrary interpretation is indicated in the specific statute." Adams v. State, 697 P.2d 622, 624 (Wyo.1985) (citing Wyoming State Department of Education v. Barber, 649 P.2d 681, 684 (1982)). When faced with a statute lacking a definition of an important term, this court will "furnish an ordinary and obvious meaning." Harbel v. Wintermute, 883 P.2d 359, 365 (Wyo.1994) (citing Sheridan Commercial Park, Inc. v. Briggs, 848 P.2d 811, 815 (Wyo.1993)); Parker Land & Cattle Co. v. Wyoming Game & Fish Commission, 845 P.2d 1040, 1042 (Wyo.1993). In Harbel, we examined a portion of the Wyoming Governmental Claims Act, Wyo. Stat. Ann. § 1-39-105 et seq. (Michie 1988 & Cum. Supp.1994), dealing with the "operation" of a motor vehicle. Because the legislature did not include a definition of "operation" in the act, we incorporated the definition of "operator" found in the Motor Vehicle Safety-Responsibility Act, as codified in Wyo. Stat. Ann. § 31-9-102(a)(ix) (1994).
In the instant case, because the workers' compensation statute does not define "state employee," we elect to use the "ordinary and obvious" definition of "public employee" from the Wyoming Governmental Claims Act:
(iv) "Public employee":
(A) Means any officer, employee or servant of a governmental entity, including elected or appointed officials, peace officers and persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation[.]
Wyo. Stat. Ann. § 1-39-103(iv)(A) (Lexis 1999) (emphasis added). As in Harbel, we are incorporating a definition from a logically related statute. That is especially appropriate here. The Governmental Claims Act would have applied to Sell as an employee of the State if another party had suffered damage in the accident. It would be incongruous if we were to consider him a state employee for one aspect of an accident, and not a state employee for another. We, therefore, hold that Sell was a state employee for purposes of the workers' compensation statute.
Having held Sell to be a state employee, the next question is whether he was traveling in the performance of his duties. The Division encourages us not to answer that question. It argues that the hearing examiner did not determine the issue, so it is not properly before the court. It is true that the hearing examiner did not specifically find that Sell was, or was not, traveling in the performance of his duties. The hearing examiner did, however, find as matter of basic fact that Sell was injured while traveling to attend a regularly scheduled Board meeting. That factual determination provides us the necessary foundation to determine whether the correct rule of law has been properly applied to the facts. Basin Electric Power Co-op., Inc. v. Department of Revenue, 970 P.2d 841, 850-51 (Wyo.1998); Union Pacific Railroad Co. v. State Board of Equalization, 802 P.2d 856, 860-61 (Wyo.1990) (discussing findings of "ultimate fact"). Therefore, we will decide the issue.
The Division contends that Sell was not traveling in the performance of his duties because the statutory duties of Board members do not include driving. Although no statute enumerates driving as a duty of the Board, the legislature has provided for "traveling expenses while in attendance, and going to and from board meetings." Wyo. Stat. Ann. § 11-18-106. This Court has previously discussed the workers' compensation implications of travel provided by employers:
In Jensen v. Manning & Brown, Inc., 63 Wyo. 88, 178 P.2d 897, 907, however, it was held where the employer furnishes claimant with free transportation to and from his home as an incident of the contract of employment and for the mutual advantage of both, injuries suffered in an accident during such transportation are compensable under the Workmen's Compensation Act. The court considered that the injuries, under such circumstances, are sustained *5 during the course of the employment relationship. 178 P.2d [at] 908. That, of course, is equivalent to saying the duties of employment are assumed during such transportation.
State Treasurer ex rel. Workmen's Compensation Department v. Boston, 445 P.2d 548, 549-50 (Wyo.1968) (emphasis added). We hold that principle equally applicable to employer-subsidized travel and, therefore, determine that Sell was traveling in the performance of his duties.
For the reasons stated above, we hold that Sell was a state employee and was traveling in the performance of his duties. The decision of the hearing examiner is reversed, and this case is remanded to the Office of Administrative Hearings for proceedings consistent with this opinion.
NOTES
[*] This case was reassigned to Justice Thomas on March 23, 1999, for the rendering of a proffered majority opinion. This case was reassigned to Chief Justice Lehman on December 16, 1999. Chief Justice Lehman distributed a proffered opinion to the court on February 15, 2000.